**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DHARANI BHARATHI KORATALA, *et al.*,

    Plaintiffs,

    v.

ALEJANDRO MAYORKAS, in his official
capacity as Secretary of the U.S. Department
of Homeland Security, *et al.*,

    Defendants.

Civil Action No. 21-0210 (CKK)

**MEMORANDUM OPINION**
(March 2, 2021)

Dharani Bharathi Koratala and her husband Prudhvi Pemmasani (collectively, "Plaintiffs") are foreign nationals residing in Tampa, Florida. *See* Compl., ECF No. 1, ¶¶ 2–3. Mr. Pemmasani is presently employed at a Florida company called Techie Brains Inc., as a temporary worker with E3 immigration status. *See id.* ¶¶ 3–4. Ms. Koratala was previously employed as an "Application Software Engineer" with a technology company called Centene Corporation, but was recently terminated after her employment authorization expired on January 1, 2021. *See id.* ¶¶ 5, 10. As of August 3, 2020, Ms. Koratala had filed a Form I-765 Application for Employment Authorization, seeking renewed employment authorization as an "E3D spouse" of a E3 worker, but that application still remains pending with the United States Citizenship and Immigration Services ("USCIS"), at a USCIS service center in Vermont. *See id.* ¶¶ 9, 30.

On January 23, 2021, Plaintiffs filed this civil action, seeking "injunctive and mandamus relief to compel Defendant USCIS to adjudicate [Ms. Koratala's] pending Form I-539 Extension application and Form I-765 EAD application and [to] send her Form I-766 EAD card to her, so that she can continue seeking meaningful employment opportunities." *Id.* ¶ 12. In response, Defendants have now filed a motion to transfer this action to the District of Vermont. *See* Defs.' Mot., ECF No. 6, at 1. In their motion, Defendants also request an extension of time to respond to

Plaintiffs' complaint following the transfer of this case.  *See id.*  Plaintiffs have consented to both forms of requested relief.  *See id.*  Accordingly, and for the reasons set forth below, the Court will **GRANT** Defendants' motion to transfer this action and for an extension of time to respond to Plaintiffs' complaint.

## I.   Transfer to the District of Vermont

Under 28 U.S.C. § 1404(a), this Court "may transfer any civil action to any other district or division where it might have been brought," "[f]or the convenience of parties and witnesses" and "in the interest of justice."  "The Court has 'broad discretion' to transfer a case under section 1404," *Rossville Convenience & Gas, Inc. v. Barr*, 453 F. Supp. 3d 380, 385 (D.D.C. 2020) (quoting *In re Scott*, 709 F.2d 717, 719 (D.C. Cir. 1983)), but must exercise this discretion on the basis of an "individualized, case-by-case" analysis of whether transfer is appropriate, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  "Determining whether transfer is appropriate pursuant to section 1404(a) calls for a two-part inquiry."  *Bourdon v. United States Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 304 (D.D.C. 2017).  "First, the Court must ask whether the transferee forum is one where the action 'might have been brought' originally."  *Id.* (quoting 28 U.S.C. § 1404(a)).  "Second, the Court must consider whether private and public interest factors weigh in favor of transfer."  *Id.*  "The party moving to transfer venue bears the burden of establishing that convenience and the interests of justice weigh in favor of transfer."  *Id.* at 303.

Here, Defendants move to transfer this case to the District of Vermont.  As an initial matter, the Court has no trouble concluding that Plaintiffs "might have brought" this action within that judicial district.  *Bourdon*, 235 F. Supp. 3d at 304 (quoting 28 U.S.C. § 1404(a)).  Venue would be proper in this case "in any judicial district in which (A) *a defendant in the action resides*, (B) *a substantial part of the events or omissions giving rise to the claim occurred . . .* or (C) the plaintiff

resides." 28 U.S.C. § 1391(e)(1) (emphasis added).  In this case, Plaintiffs' claims derive from the government's alleged delay in adjudicating Ms. Koratala's pending I-539 and I-765 EAD applications. *See, e.g.*, Compl. ¶ 48.  Because those applications remain pending at a USCIS service center in Vermont, *see id.* ¶ 30, a substantial part of the alleged omissions giving rise to Plaintiffs' claims occurred in Vermont, and therefore within the state's single federal judicial district, *see Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 103 (D.D.C. 2010).  Moreover, Plaintiffs have named as a defendant, Ms. Laura B. Zuchowski, the Director of the USCIS Vermont Service Center.  *See* Compl. ¶ 24(d).  Ms. Zuchowski's status as a resident of Vermont supplies another basis for venue in the District of Vermont.  *See* 28 U.S.C. § 1391(e)(1)(A).  For these reasons, the Court concludes that Plaintiffs could have originally filed the present action in the District of Vermont.

Next, the Court must consider whether the private and public interests weigh in favor of a transfer to the District of Vermont.  "Private interest considerations include: (1) the plaintiffs' choice of forum"; "(2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant"; and "(6) the ease of access to sources of proof." *Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 385–86.  Public interest considerations include: "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Id.* at 386; *see also Bourdon*, 235 F. Supp. 3d at 308.

Within this framework, the Court first finds that the "private interest considerations" weigh in favor of transfer.  To begin, Plaintiffs have consented to Defendants' request for a transfer to the District of Vermont.  *See* Defs.' Mot., ECF No. 6, at 1.  As such, the private "choice of forum"

considerations weigh in favor of the District of Vermont, as all parties have now consented to that judicial forum. Additionally, the District of Columbia is not Plaintiffs' home district, further minimizing any deference owed to Plaintiffs' original selection of this judicial district as a forum for their claims. *See Chauhan*, 746 F. Supp. 2d at 103. Next, the private interest analysis considers the derivation of Plaintiffs' claims. As noted above, Ms. Koratala's pending visa applications are being processed within a USCIS service center in Vermont. Accordingly, Plaintiffs' claims derive in large part from the agency's conduct carried out within the District of Vermont, the transferee judicial district now in question. *See id.* This factor, therefore, also weighs in favor of transfer.

Finally, the remaining private interest factors consider convenience for the parties and for potential witnesses, as well as the procurement of potential evidence. *See Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 385–86. To start, the Court observes that Defendants have requested the transfer in question, and the Court, therefore, presumes that the transferee forum will present sufficient conveniences to Defendants. The Court also notes that while Plaintiffs do not reside in Vermont, they have consented to the District of Vermont as a judicial forum. *See* Defs.' Mot., ECF No. 6, at 1. Moreover, because Plaintiffs do not live in the District of Columbia, the Court does not find that this judicial district presents any obvious conveniences for Plaintiffs that might militate against transfer. Finally, the Court finds that because the District of Vermont comprises the USCIS service center processing Ms. Koratala's visa application, a transfer to that judicial district will generate added conveniences for the purposes of potential witnesses and the collection of relevant documentation. In sum, and for the reasons set forth herein, the Court concludes that the balance of private interests weighs in favor of a transfer to the District of Vermont. *See* 28 U.S.C. § 1404(a).

The Court also finds that the public interests ultimately weigh in favor of transfer. As an initial matter, the first two public interest factors, which concern the congestion of the respective courts' dockets and their familiarity with the legal issues presented, provide little guidance. *Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 386. Plaintiffs' complaint raises questions under federal law, with which both this Court and courts in the District of Vermont "are equally familiar." *Bourdon*, 235 F. Supp. 3d at 309. Moreover, as Defendants explain, both the District of Vermont and this judicial district confront congested dockets. *See* Defs.' Mot., ECF No. 6, at 5. Accordingly, these two public interest factors remain neutral. The final public interest factor, however, emphasizes the value of deciding local controversies "at home." *Bourdon*, 235 F. Supp. 3d at 308. In considering this factor, "several courts in this Circuit have concluded [that] the district in which the relevant USCIS Field Office is located is better positioned to be involved in dictating the priorities of a local USCIS office and may have a superior interest in doing so." *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 271 (D.D.C. 2018) (internal quotations and citations omitted); *see also Chauhan*, 746 F. Supp. 2d at 105. The Court finds this assessment persuasive and concludes here that the "local interests" in this case favor the District of Vermont, the locus of the USCIS service center processing Ms. Koratala's pending application.

In sum, the Court finds that both the private and public interests weigh in favor of a transfer of this action to the District of Vermont. Accordingly, the Court concludes that such a transfer is "in the interests of justice" and will **GRANT** Defendants' motion to transfer this case to the District of Vermont, pursuant to 28 U.S.C. § 1404(a).

## II.     Extension of Time to Respond to Complaint

Defendants have also moved for an extension of time to respond to Plaintiffs' complaint. *See* Defs.' Mot., ECF No. 6, at 5. In their motion, Defendants explain that upon a transfer to the

District of Vermont, a new Assistant United States Attorney will be assigned to this case, and that new attorney will need "sufficient time to review the case file, discuss this matter with the relevant agencies, and formulate an appropriate response to Plaintiffs' complaint." *Id.* Plaintiffs have consented to this request. *See id.* at 1. Accordingly, and for good cause shown, the Court will **GRANT** Defendants' request for an extension of time to respond to Plaintiffs' complaint. *See* FED. R. CIV. P. 6(b).

****

For the reasons set forth in this Memorandum Opinion, the Court will **GRANT** Defendants' [6] Consent Motion to Transfer and Extend. An appropriate Order accompanies this Memorandum Opinion.

**Dated**: March 2, 2021

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge